IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DALLIN HAWKINS,<br><br>                Plaintiff,<br><br>v.<br><br>SANDY CITY POLICE DEP'T et al.,<br><br>                Defendants. | **MEMORANDUM DECISION<br>& ORDER DENYING SECOND<br>& THIRD MOTIONS FOR<br>RELIEF FROM JUDGMENT**<br><br>Case No. 2:19-CV-582 DAK<br><br>District Judge Dale A. Kimball |

       On October 23, 2019, concluding Plaintiff had been unresponsive in his litigation--specifically, failing to file his certified six-month inmate account statement--the Court dismissed his case without prejudice. (ECF No. 7.) Nearly eight months later, on June 19, 2020, Plaintiff filed Motion to Set Aside Judgment. (ECF No. 9); Fed. R. Civ. P. 60(b). On June 25, 2020, denying his motion, the Court ruled that Plaintiff has not shown that any Rule 60(b) grounds for relief exist here.

       Less than two weeks later, on July 9, 2020, Plaintiff filed another Motion to Set Aside Judgment, (ECF No. 13.) Regarding his failure to file his inmate account statement as ordered, he argued in totality, "Hawkins claims mistake, inadvertence & excusable neglect as he has provided the court, in the past, with his 6-month account history & again provides his 6-month account history attached with this motion." (*Id.*) He further asserted "newly discovered evidence has come to light," trying to have the judgment set aside on that ground as well. (*Id.*) He attached a supporting memorandum that addressed only arguments outside his failure to provide the six-

month statement. (ECF No. 13, at 2-4.) Three weeks later, he filed an *uncertified* inmate-account statement. (ECF No. 17.)

On October 14, 2020, Plaintiff followed up with a third Motion to Set Aside Judgment. (ECF No. 19.) Regarding his failure to file his inmate account statement as ordered, he argued in totality, "Hawkins states mistake, inadvertence, & excusable neglects as he has provided the court with his 6-month account history twice, the last on 07/09/20. Hawkins again attaches his account history attached hereto." (*Id.*) He then went on to again assert newly discovered evidence. (*Id.*) He filed another *uncertified* inmate account statement. (ECF No. 20.)

Federal Rule of Civil Procedure 60(b) states in relevant part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> . . . .

Plaintiff has not shown that any of these grounds for relief exist here. He merely recites the exact words, "mistake, inadvertence, & excusable neglect" from the rule, without providing any details or context for his lapses. He then fails again to follow the Court's earlier order requiring a *certified* account statement. (ECF No. 5.) Plaintiff's other asserted ground of "newly discovered evidence" is irrelevant to the technical reason for dismissal and so does not provide a basis to relieve Plaintiff from final judgment.

Plaintiff thus--again--does not meet the standard for relief under Rule 60(b); the Court's October 23, 2019 Order and Judgment stand. (ECF Nos. 7 & 8.)

## ORDER

**IT IS ORDERED** that Plaintiff's post-judgment motions are **DENIED**. (ECF Nos. 13, 14, 19.) This action remains closed.

**IT IS FURTHER ORDERED** that the Clerk of Court must mail to Plaintiff a packet, including a blank-form complaint and information on how to file the complaint, should he wish to file a new case. This action was dismissed without prejudice, so Plaintiff may file a new complaint in a new case regarding the same Defendants and claims in this case.

DATED this 1st day of March, 2021.

BY THE COURT:

_____
JUDGE DALE A. KIMBALL
United States District Court